E-FILED on   11/25/03

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRENTLEY COATES, individually and on behalf of a class of all other persons similarly situated<br><br>Plaintiff,<br><br>v.<br><br>AGILENT TECHNOLOGIES, INC. and AGILENT TECHNOLOGIES, INC. DEFERRED PROFIT-SHARING PLAN, the HEWLETT-PACKARD COMPANY, and the HEWLETT-PACKARD COMPANY DEFERRED PROFIT-SHARING PLAN,<br><br>Defendants. | No. C-03-00498 RMW<br><br>ORDER GRANTING AGILENT TECHNOLOGIES, INC.'S AND HEWLETT PACKARD'S MOTIONS TO DISMISS<br><br>**[Docket No. 28, 32]** |

Defendants Agilent Technologies, Inc. ("Agilent") and Hewlett-Packard Company ("HP") each filed a motion to dismiss plaintiff's first amended complaint ("FAC"). The motions were heard on November 7, 2003. For the following reasons, the court grants the motions to dismiss.

## I. BACKGROUND

The central issue in this case is whether Agilent and HP breached their fiduciary duties to plaintiff under the Employment Retirement Investment Security Act ("ERISA"), when they implemented an amendment to an existing pension plan requiring the merger of two funds.

ORDER GRANTING AGILENT's & HP's MOTIONS TO DISMISS—C-03-00489-RMW

1   Plaintiff originally alleged that Agilent and HP breached their fiduciary duties under 29 U.S.C.
2   §1104(a)(1) when they amended their pension plan to eliminate Fund B and merged its participants into
3   Fund A.  Defendants filed motions to dismiss for failure to state a claim, which the court granted in its
4   August 5, 2003 Order .  (See Order Granting Agilent Technologies, Inc.'s Motion to Dismiss entered
5   August 5, 2003) ("August 5th Order").  The August 5th Order granted ten days leave to file an amended
6   complaint.  Id.  Pursuant to this order,  plaintiff filed the FAC, which is the subject of the instant motion.  An
7   adequate description of the events underlying the liquidation of Fund B and transfer of the assets into the
8   merged Fund A has been set out in the "Background" section of the August 5th Order.  Only a brief
9   summary of the salient facts is necessary at this point.

10   Plaintiff was an employee of HP from 1968 until June 2, 2000 when he became an Agilent
11   employee after HP spun-off Agilent as an independent company.  While an employee of HP, plaintiff
12   participated in the HP Deferred Profit Sharing Plan ("HP DPSP").  Originally, the plan included two funds -
13   Fund A and Fund B.  Fund A was a mix of equities and bonds.  Fund B was a fixed income bond fund,
14   and before 1990 workers older than 55 were required to place some or all of their contributions into Fund
15   B as they neared retirement.  However, sometime before 1990, HP amended the plan to allow plan
16   beneficiaries older than 55 to choose in which fund to invest.  Nevertheless, plaintiff, age 61, chose to invest
17   100% of his assets into Fund B.

18   After being spun-off, Agilent sponsored its own Deferred Profit Sharing Plan ("Agilent DPSP").
19   HP and Agilent transferred the HP DPSP accounts for Agilent employees, such as plaintiff, to the Agilent
20   DPSP.  Initially, the Agilent DPSP consisted of a Fund A and Fund B.  However, under the terms of the
21   plan, as of June 1, 2000, Fund B was merged into Fund A, leaving the Agilent DPSP with a single fund.
22   Pursuant to these terms, on or around June 1, 2000 Agilent liquidated the approximately 1,500 Fund B
23   accounts and transferred the assets into Fund A.  Similarly, on May 1, 2000 HP implemented an
24   amendment requiring the elimination of the HP DPSP Fund B.

25   In the August 5th Order, this court granted Agilent's motion to dismiss, but left open a specific
26   issue.  Specifically, the order states:

27   > If Agilent's ultimate investment decisions are prudent then it is irrelevant
    > whether those investments are characterized as "Fund B" or as "Fund A."
28   > Plaintiff might have a claim against Agilent if, for instance, it alleged that

ORDER GRANTING AGILENT's & HP's MOTIONS TO DISMISS—C-03-00489-RMW
2

> Agilent acted imprudently in how it liquidated Fund B or in how it re-invested the Fund B assets into other investments.

8/5/03 Order.

## II.  ANALYSIS

A.  <u>Plaintiff's New Claims</u>

Plaintiff's primary argument is that because Fund B participants were employees nearing retirement, it was a breach of defendants' fiduciary duties to merge those employees into a fund subject to short term volatility.[1] However, this argument was previously raised and rejected in the first motion to dismiss. Plaintiff's opposition to that motion to dismiss states:

> Plaintiff's claim arises from the Defendant fiduciaries' actions in *carrying out* the directive to liquidate the Fund B accounts of its older workers and to reinvest the proceeds in the higher risk Fund A.

(Opp. to Agilent filed 7/03/03.)  In raising this argument again, plaintiff has not shown why the August 5th Order's rejection of that claim was erroneous.

Plaintiff contends the FAC has elaborated on the fiduciary duty claims by asserting that defendants (1) failed to reinvest plaintiff's account on a dollar cost averaging basis, (2) failed to obtain independent advice on the best method to merge the funds, and (3) failed to reallocate the assets of Fund A by increasing the percentage of fixed income investments to account for former Fund B participants' investment expectations. The August 5th Order held that the decision to merge the funds was made by HP and Agilent in their non-fiduciary capacity as plan sponsors. <u>See</u> 8/5/03 Order at 2; <u>see</u> <u>Hughes Aircraft Co. v. Jacobson</u>, 525 U.S. 432, 444 (1999) ("an employer's decision to amend a pension plan concern[ing] the composition or design of the plan itself . . . does not implicate the employer's fiduciary duties which consist of such actions as the administration of the plan's assets").  The plan sponsors also mandated that the funds be merged within one month.  <u>Id.</u>  Accordingly, in order to state a claim,  plaintiff must allege a breach of a fiduciary duty in how the funds were merged, which he has failed to successfully do. Since HP and Agilent wear two hats as both the plan sponsors and the plan administrators, the differences in their obligations in

---

[1] The motivation plaintiff puts forth for the alleged breach of fiduciary duty was defendant's desire to save the administrative expense of maintaining Fund B, which had only 1500 participants.

ORDER GRANTING AGILENT's & HP's MOTIONS TO DISMISS—C-03-00489-RMW
3

each role must be recognized.[2] There is no fiduciary breach in making the decision to merge the funds, or requiring the merger be completed within one month because that was determined by the plan sponsors who have no fiduciary duty. Once these plan amendments were defined, it was up to the plan administrator, who does have a fiduciary duty, to execute the merger of the funds.  As the August 5th Order explains, it is only in the execution of the predetermined merger that the plan administrators have a fiduciary duty. Plaintiff's allegations must be evaluated within this context.

B.    Implementation of the Amendment

First, plaintiff claims it was a breach of a fiduciary duty for the plan administrator to fail to reinvest Fund B accounts into Fund A on a dollar cost-averaging basis.  This contention ignores the one month time-frame in which the plan sponsor had specified the merger be completed.  More importantly, plaintiff fails to allege a causal connection between a loss in asset value and any failure to employ dollar cost averaging.

Next, plaintiff claims the plan administrators had a fiduciary duty to obtain independent advice regarding the best manner in which to merge the two funds.  But an ERISA fiduciary duty only arises during the exercise of discretionary authority or control.  See Lockheed Corp. v. Spink, 517 U.S. 882, 890 (1996).  Here, the plans sponsors' amendments required that the Fund B accounts be promptly liquidated and completely reinvested into Fund A.  Plaintiff has failed to set forth what issues required independent advice or how the administrators acted imprudently.  Therefore, this allegation cannot support a claim for breach of fiduciary duty.

Finally, plaintiff alleges the merger of Fund B into Fund A, without reallocation of Fund A assets to decrease short term volatility, violated the precepts of Modern Portfolio Theory.  At the outset, the court notes that plaintiff does not allege that the asset composition of Fund A in itself, violates the prudent man standard.  It appears that plaintiff's true gripe is that assets in Fund A were not invested in accordance with the subjective desires of Fund B participants.  Plaintiff claims upon information and belief that emails exist

---

[2] The Supreme Court has explained that when a single entity acts as both the plan sponsor and the plan administrator there are clearly distinct duties upon it depending on which hat it was wearing when undertaking the challenged action. See Lockheed Corp. v. Spink, 517 U.S. 882, 891(1996)(discussing ERISA's settlor-fiduciary distinction).  To illustrate the separation in the required analysis, this court will refer to plan sponsor and plan administrator as if they were separate entities, although they both happen to be HP and Agilent.

ORDER GRANTING AGILENT's & HP's MOTIONS TO DISMISS—C-03-00489-RMW
4

indicating that managers within defendants' organization were aware of the Fund B participants' investment goals but chose to ignore them. However, plaintiff cites no authority to show the plan administrator had a fiduciary duty to reallocate fund assets to satisfy the expectations of a particular group of participants.

C.      Propriety of Fund A

Plaintiff cites 29 C.F.R. §2550.404a-1(b)(1), which states in relevant part, that a "fiduciary [must] give[] appropriate consideration to those facts and circumstances that, . . . the fiduciary knows . . . are relevant to the particular investment . . . including the role the investment or investment course of action plays in that portion of the plan's investment portfolio." Initially, this language, requiring consideration of the role the merger plays in that portion of the plan's investment portfolio, could indicate defendants had an obligation to consider the personal circumstances of the Fund B participants. However, further examination of this regulation demonstrates that is not the case. Subsection 2550.404a-1(b)(1)(a)(ii) states:

> [For purposes of section (b)(1) 'Appropriate consideration' shall include] the following factors as they relate to such portion of the portfolio:
> (A) The composition of the portfolio with regard to diversification;
> (B) The liquidity and current return of the portfolio relative to the anticipated cash flow requirements of the plan; and
> (C) The projected return of the portfolio relative to the funding objectives of the plan.

The common focus of each of these factors is on the financial health of the plan. Nothing suggests the fiduciary must consider the individual needs of particular participants. In short, as long as the course of action is prudent for the plan participants as a whole, the fiduciary has satisfied its duty.

The above regulation does require that the plan administrator ensure that Fund A is properly diversified. Reinvesting plaintiff's account into an objectively imprudently administered fund would be a fiduciary breach because the asset allocation of that fund would be within the administrator's discretionary control. But if that were the case, all Fund A and former Fund B participants would have a claim. That is not the situation described in the FAC.

The August 5th Order explained that in order for plaintiff to state a claim, he must allege that the merged assets were imprudently invested or that Fund B assets were sold[3] and imprudently reinvested in

---

[3] The parties appeared to acknowledge in oral argument that assets of Fund B were not sold but rather transferred into a merged fund consisting of the Fund A and Fund B assets.

ORDER GRANTING AGILENT's & HP's MOTIONS TO DISMISS—C-03-00489-RMW

the merged fund. Plaintiff's inability to allege that the overall composition of Fund A was imprudent is ultimately fatal to his case.

### III. ORDER

The motions to dismiss plaintiff's first amended complaint are hereby granted without leave to amend since plaintiff cannot state a claim based upon the proposition that a separate Fund B had to be maintained or that the specific needs of particular beneficiaries, as opposed to the beneficiaries as a whole, had to be addressed in the investment policy of the merged fund.

DATED:     11/24/03                             /s/ Ronald M. Whyte
                                                RONALD M. WHYTE
                                                United States District Judge

1 | **Notice of this document has been electronically sent to:**

Susan B. Burr sburr@gibsondunn.com,

David E. Gordon dgordon@omm.com; gtell@omm.com; jnelli@omm.com; jlenox@omm.com

Kathrin Sears ksears@gibsondunn.com

Alfred H. Sigman sigmanerisalaw@msn.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 11/25/03          /s/ BDC
**Chambers of Judge Whyte**

ORDER GRANTING AGILENT's & HP's MOTIONS TO DISMISS—C-03-00489-RMW

7